IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE ADAMS, REGINA BROWN, DEBRA CAMPBELL, THADDEUS DAVIS, JOHN GASTON, VALENCIA LUCAS, SHEDRICK MORROW, THOMAS JOHNSON, STEVE STONE, DANIEL WARREN, ATHENA WOODSON, AND MARCUS VARNER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>INTERNATIONAL PAPER,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>2:08-cv-0006 |

## DEFENDANT'S ANSWER

International Paper Company ("Defendant" or "International Paper") responds to Plaintiffs' Complaint, as follows:

### Plaintiffs' Introduction

International Paper admits that this action is brought by twelve (12) African-Americans who were employed at a facility previously owned by International Paper, but denies all other allegations in the "Introduction" to Plaintiffs' Complaint.

## I. JURISDICTION

1. International Paper admits that this Court has jurisdiction, but denies that International Paper has violated any of the laws under which this Court's jurisdiction is invoked. International Paper denies all other allegations in Paragraph No. 1 of the Complaint.

2. International Paper admits that each plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), but denies any remaining allegations in the first two sentences of Paragraph No. 2 of the Complaint. International Paper lacks sufficient information to determine the truth or falsity of the remaining allegations in Paragraph No. 2 of the Complaint, and thus denies them.

## II. PARTIES

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit that International Paper did business in Chilton County, Alabama and employs at least fifteen (15) persons, but deny all other allegations set forth in Paragraph No. 15 of the Complaint.

16. Admit.

### III. PLAINTIFFS' STATEMENT OF FACTS

17. International Paper adopts and incorporates by reference its responses set forth in Paragraphs 1-16, above, as if fully set forth herein. International Paper denies the allegations set forth and incorporated in Paragraph No. 17 of the Complaint, except as expressly admitted, above.

18. Admit that Eugene Adams was employed by International Paper, but deny all other allegations set forth in Paragraph No. 18 of the Complaint.

19. Admit that Adams worked on the I-line and was denied a promotion for which he was unqualified at International Paper's Maplesville facility, but deny the remainder of Paragraph No. 19 of the Complaint.

20. Deny.

21. Admit that Regina Yuvette Brown was employed by International Paper, but deny all other allegations set forth in Paragraph No. 21 of the Complaint.

22. Deny.

23. Admit that Debra Campbell was employed by International Paper, but deny all other allegations set forth in Paragraph No. 23 of the Complaint.

24. Admit that Thaddeus Davis was employed in 2000 as a Green Veneer Extra and that he moved to Shipping, but deny all other allegations set forth in Paragraph No. 24 of the Complaint.

25. Deny.

26. Admit that John Gaston was employed by International Paper, but deny all other allegations set forth in Paragraph No. 26 of the Complaint.

27. Deny.

28. Admit that Valencia Lucas was employed by International Paper, but deny all other allegations set forth in Paragraph No. 28 of the Complaint.

29. Deny.

30. Deny.

31. Admit that Shedrick Morrow was employed by International Paper, but deny all other allegations set forth in Paragraph 31 of the Complaint.

32. Deny.

33. Admit that Thomas Johnson was employed by International Paper, but deny all other allegations set forth in Paragraph 33 of the Complaint.

34. Deny.

35. Deny.

36. Admit that Steve Stone was employed by International Paper, but deny all other allegations set forth in Paragraph 36 of the Complaint.

37. Deny.

38. Deny.

39. Admit that Marcus Varner was employed by International Paper, but deny all other allegations set forth in Paragraph No. 39 of the Complaint.

40. Deny.

41. Admit that Daniel Warren was employed by International Paper, but deny all other allegations set forth in Paragraph No. 41 of the Complaint.

42. Deny.

43. Admit that Athena Woodson was employed by International Paper from 2001 to 2007, but deny all other allegations set forth in Paragraph No. 43 of the Complaint.

44. Deny.

45. Deny.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE IN
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

46. International Paper adopts and incorporates by references its responses set forth in Paragraph 1-45, <u>above</u>, as if fully set forth herein.

47. Deny.

48. Deny.

49. Deny.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

50. International Paper adopts and incorporates by reference its responses set forth in Paragraphs 1-49, <u>above</u>, as if fully set forth herein.

51. Deny.

52. Deny.

IV. **PLAINTIFFS' PRAYER FOR RELIEF**

As to Plaintiffs' Prayer for Relief, International Paper denies that Plaintiffs are entitled to any relief whatsoever and denies all allegations asserting that International Paper has violated any law.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

International Paper hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted. International Paper further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### **First Defense**

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted to any Plaintiff.

### **Second Defense**

Plaintiffs waived and/or are estopped from alleging any wrongful conduct by International Paper because of having taken actions inconsistent with such allegations, and Plaintiffs have therefore waived and/or are estopped from bringing claims based upon such conduct.

### **Third Defense**

To the extent that any Plaintiff asserts any claim outside of the applicable statute of limitations or other periods of limitations, all such claims are barred.

### Fourth Defense

International Paper did not act in willful or in reckless disregard of any Plaintiff's federally protected rights.

### Fifth Defense

The claims for relief contained within the Complaint fail to state facts sufficient to constitute a basis for an award of punitive or exemplary damages to any Plaintiff.

### Sixth Defense

Because of International Paper's good faith efforts to comply with employment discrimination laws, and its promulgation and maintenance of policies and procedures designed to prevent and correct any alleged discrimination in the workplace, Plaintiffs cannot recover punitive damages based on allegations of discrimination by International Paper employees.

### Seventh Defense

Actions taken with regard to each Plaintiff's employment were motivated by legitimate business reasons.

### Eighth Defense

All acts of International Paper in relation to each Plaintiff have been lawful, privileged, justified and undertaken in good faith.

### Ninth Defense

The claims for relief contained within the Complaint fail to state facts sufficient to constitute a basis for an award of attorney's fees and/or expenses.

### Tenth Defense

Each Plaintiff's request for recovery is limited by law.

### Eleventh Defense

Each Plaintiff was at all times an employee "at will."

### Twelfth Defense

To the extent any Plaintiff has failed to mitigate his or her alleged damages, any monetary claims asserted by that Plaintiff are barred or due to be reduced.

### Thirteenth Defense

International Paper is entitled to setoff to the extent any Plaintiff seeks an award of backpay damages.

### Fourteenth Defense

Plaintiffs' claims are barred or, in the alternative, Plaintiffs' alleged damages, if any, are significantly reduced, under the unclean hands doctrine due to Plaintiffs' own misconduct.

### Fifteenth Defense

This action, in whole or in part, may be barred by Plaintiffs' failure to exhaust administrative remedies and prerequisites.

**Sixteenth Defense**

To the extent that the scope of the Complaint exceeds the scope of the Charge of Discrimination filed by Plaintiffs with the Equal Employment Opportunity Commission ("EEOC") and the EEOC's investigation reasonably related to those charges, Plaintiffs may not pursue claims outside the scope of the Charge.

**Seventeenth Defense**

To the extent that any Plaintiff's Title VII claim concerns events occurring more than 180 days before the filing of that Plaintiff's charge of discrimination with the EEOC, it is barred as untimely.

**Eighteenth Defense**

Defendant exercised reasonable care to prevent and correct promptly any discriminatory/harassing behavior, and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**Nineteenth Defense**

To the extent each Plaintiff has failed to satisfy the conditions precedent to his or her Title VII claims, including filing suit within 90 days of receiving notice of right to sue, they are barred.

### Twentieth Defense

Plaintiffs' claims of racial harassment are barred by the doctrines of equitable estoppel and/or waiver to the extent that Plaintiffs failed to notify and/or complain to Defendant of the allegations asserted in Plaintiffs' Complaint.

### Twenty-First Defense

Plaintiffs' claims of racial harassment are barred to the extent that Plaintiffs failed to give Defendant the opportunity to investigate and take appropriate remedial measures concerning those allegations asserted in Plaintiffs' Complaint.

### Twenty-Second Defense

Plaintiffs' claims of racial harassment are barred to the extent that they unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or otherwise avoid harm.

### Twenty-Third Defense

Plaintiffs' claims of racial harassment are barred inasmuch as Defendant exercised reasonable care to prevent and correct promptly any racially harassing behavior.

### Twenty-Fourth Defense

The relief sought by any Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine to the extent that Defendant discovers conduct by

that Plaintiff that would serve as legitimate grounds for his or her termination of employment.

## Twenty-Fifth Defense

No Plaintiff is entitled to recover damages under Title VII in excess of the statutory limits contained in 42 U.S.C. § 1981a.

## Twenty-Sixth Defense

Defendant denies that any Plaintiff's race, or any other impermissible factor, played any role in the employment decisions relating to that Plaintiff. Alternatively, even if some impermissible motive were a factor in any of those decisions, the same decisions would have been reached for legitimate business reasons.

## Twenty-Seventh Defense

To the extent any intentional or negligent or tortious acts occurred, the occurrence of which Defendant emphatically denies, any such act occurred wholly and entirely outside the scope or course of the actor's employment with Defendant and was not authorized, sanctioned or ratified by Defendant, therefore, Defendant is not liable to any Plaintiff for any such act.

Respectfully submitted,

s/ Terry Price
Terry Price – ASB-4658-E58T
Susan W. Bullock – ASB-2035-U81S
FORD & HARRISON LLP
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 244-5900
Facsimile: (205) 244-5901
Email:	tprice@fordharrison.com
Email:	sbullock@fordharrison.com

ATTORNEYS FOR DEFENDANT
INTERNATIONAL PAPER

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Lee D. Winston, Esq.
>Roderick T. Cooks, Esq.
>WINSTON COOKS, LLC
>319 17th Street North
>Birmingham, AL 35203

>Respectfully submitted,


>s/ Terry Price
>Terry Price
>FORD & HARRISON LLP
>2100 Third Avenue North, Suite 400
>Birmingham, AL 35203
>Telephone: (205) 244-5900
>Facsimile: (205) 244-5901
>E-mail: tprice@fordharrison.com
>Alabama Bar No. ASB-4658-E58T

Birmingham:19823.1