IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE ADAMS, REGINA BROWN, DEBRA CAMPBELL, THADDEUS DAVIS, JOHN GASTON, VALENCIA LUCAS, SHEDRICK MORROW, THOMAS JOHNSON, STEVE STONE, DANIEL WARREN, ATHENA WOODSON, AND MARCUS VARNER, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL PAPER, <br><br> Defendant. | CIVIL ACTION NO. 2:08-cv-0006-MHT |

## REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on Friday, March 14, 2008, with the following parties participating in said planning meeting:

    **Lee D. Winston**, Winston Cooks LLC, on behalf of Plaintiffs.

    **Terry Price/Susan W. Bullock**, Ford & Harrison LLP, on behalf of Defendant.

2.  **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) on or before March 31, 2008.

3.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

(a) All discovery commenced in time to be completed by **October 16, 2008.**

(b) Discovery will be needed on the following issues: Plaintiffs' claims, Plaintiffs' alleged damages, and Defendant's defenses.

(c) Maximum of **thirty (30) interrogatories** by each party to each party. Responses due according to Rule 33(b)(3), Fed.R.Civ.P.

(d) Maximum of **thirty (30) requests for admission** by each party to each party. Responses due according to Rule 36(a), Fed.R.Civ.P.

(e) Maximum of **thirty (30) requests for production of documents** by each party to each party. Responses due according to Rule 34(b), Fed.R.Civ.P.

(f) Maximum of **twelve (12) depositions** by Plaintiffs in addition to a deposition pursuant to Rule 30(b)(6), Fed.R.Civ.P. Maximum of **twelve (12) depositions** by Defendant in addition to a deposition of each plaintiff. Plaintiffs propose that all depositions be limited to 4 hours unless good cause dictates a reason to extend the time. Defendant objects to Plaintiffs' proposal and proposes that its depositions of each Plaintiff should be subject to the standard 7-hour limitation.

(g) Reports from retained experts under Rule 26(a)(2) due:

from Plaintiffs by **June 26, 2008**;
from Defendant by **July 24, 2008.**

Each party may take the deposition of the opposing party's expert within **30 days** after service of the expert report.

(h) Supplementation under Rule 26(e) due **within 30 days of obtaining discoverable information or no later than 30 days before the close of discovery.**

4. **Other Items.**

   (a) Plaintiff should be allowed until **May 15, 2008** to join additional parties and to amend the pleadings.

   (b) Defendant should be allowed until **June 19, 2008** to join additional parties and to amend the pleadings.

   (c) All potentially dispositive motions should be filed by **November 13, 2008**.

   (d) Settlement cannot be realistically evaluated **prior to the completion of discovery**.

   (e) The parties request final pretrial conference in **February, 2009**.

   (f) Final lists of trial evidence under Rule 26(a)(3), both witnesses and exhibits, should be due **in accordance with the Pretrial Order** entered in this action.

   (g) Parties should have **ten (10) days** after service of final lists of trial evidence to list objections under Rule 26(a)(3).

   (h) The parties request a variance to the Court's Rule 26(F) Order that requires the parties to set a trial date within 7 to 10 months of the Order because the parties need additional time for discovery due to the number of plaintiffs and claims involved in this case.

   Defendant requests a separate trial for each plaintiff. Plaintiffs object to Defendant's request for separate trials. The parties request that the trial-ready date(s) be set for the trial term following the **December 1, 2008**, trial term such that the related pre-trial conference follows the dispositive motion deadline by at least 90 days. Should all claims be tried together, the parties expect trial to take seven to ten days. Defendant estimates that individual trials will take an average of one day each. Defendant reserves the right, following the close of discovery, to request that some or all of the Plaintiffs' cases and/or claims be tried together.

  (i) To the extent that they have not already done so, the parties agree to take affirmative steps to preserve any electronic documents or data within their custody, possession or control that relates to each Plaintiff's employment with Defendant, Plaintiffs' claims in this lawsuit, Defendant's defenses, Plaintiffs' alleged damages and/or mitigation of damages and each Plaintiff's employment history. The parties agree to produce paper copies of all requested electronic or computerized documents and do not anticipate the need for a computer forensic expert.

Date: March 14, 2008.

            s/ Lee D. Winston
            Lee D. Winston
            Roderick T. Cooks
            Counsel for Plaintiffs

OF COUNSEL:

WINSTON COOKS, LLC
319 17th Street North, Suite 200
Birmingham, AL 35203
(205) 502-0940

            Terry Price
            Terry Price
            Susan W. Bullock
            Counsel for Defendant

OF COUNSEL:

FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
(205) 244-5900

Birmingham:20123.1